[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14894
Non-Argument Calendar

_____

D.C. Docket No. 3:98-cr-00126-LC-MD-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL A. BLANKENSHIP,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 14, 2012)

Before MARCUS, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Michael Blankenship, a federal prisoner proceeding *pro se*, appeals the

denial of his "Motion to Set-Aside Sentence and to Re-sentence."  In his motion in district court, he raised challenges to his sentence (such as, whether certain enhancements could apply); but he has raised entirely different arguments on appeal, which instead challenge trial events and guilt (such as, insufficient evidence).

Although Blankenship now raises different issues on appeal, the district court, by its denial, still entered an order fully resolving his "Motion to Set-Aside Sentence and to Re-sentence"; and this order is final and appealable.  We do have jurisdiction to consider the appeal.

This principle guides us in part: "a party seeking to raise a claim or issue on appeal must plainly and prominently so indicate.  Otherwise, the issue -- even if properly preserved at trial -- will be considered abandoned." *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003).

A review of the record and case history reveals that the district court could not have considered Blankenship's "Motion to Set-Aside" as a § 2255 motion because he did not have the required permission to file a second or successive motion.  The district court's authority to consider the motion was limited by 18 U.S.C. § 3582, and none of the exceptions under § 3582 applied to Blankenship's motion.  Therefore, the district court did not err in denying the motion.  Moreover,

2

Blankenship has abandoned the arguments raised in his "Motion to Set-Aside," as he has not argued them on appeal.  His arguments on appeal are completely apart from the claims he argued in his motion before the district court.

Based on a review of the record and the parties' briefs, we affirm.

AFFIRMED.